

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 23, 1939

Hon. Joe Kunschik, Commissioner of Labor
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-671
Re: Is a night watchman included in or exempt-
ed from articles 1579 and 1580, as amended,
Penal Code, Vernon's Annotated Statutes?

We are in receipt of your letters of April 24
and May 16, which request an opinion from this department,
as follows:

"Reference is made to article 1580, Penal
Code of Texas, as amended by the Forty-fourth
Legislature, Regular Session, ch. 259, p. 644.

"Inasmuch as article 1579, Penal Code
states, 'where such employment, contract or
work is for the purpose of constructing • • •
buildings • • •,' an opinion is respectfully
requested on the following points:

"Whether a night watchman is included in or ex-
empted from these two articles?

"If the watchman, in addition to the watching
of the premises, is also required to perform
duties substantially and materially involving
and promoting the construction of the building,
would he come within the provisions of these
statutes?"

Article 1579 of the Penal Code, Vernon's Anno-
tated Statutes, provides for an eight-hour work-day for
laborers, workmen or mechanics employed by or on behalf
of the state or county in certain types of work. It
reads as follows:

"Article 1579.- Eight hours a day work.
Eight hours shall constitute a day's work for
all laborers, workmen or mechanics who may be
employed by or on behalf of the state of Texas,
or by or on behalf of any county, municipality,
or political subdivision of the state, county
or municipality in any one calendar day, where
such employment, contract or work is for the
purpose of constructing, repairing or improving
buildings, bridges, roads, highways, streams,
levees, or other work of a similar character,
requiring the service of laborers, workmen or
mechanics."

Article 1580, as amended, of the Penal Code, Ver-
non's Annotated Statutes, provides that contracts between
state, county, municipal, or other legal or political sub-
divisions and employers shall be on the basis of eight
hours constituting a day's work; and that it shall be un-
lawful for the employer of laborers, workmen or mechanics
to work the latter more than eight hours per calendar day.
It provides:

"All contracts made by or on behalf of the
state of Texas, or by or on behalf of any coun-
ty, municipality or other legal or political
subdivision of the state, with any corporation,
person or association of persons for performance
of any work, shall be deemed and considered as
made upon the basis of eight (8) hours consti-
tuting a day's work. The time consumed by the
laborer in going to and returning from the place
of work shall not be considered as part of the
hours of work. It shall be unlawful for any
corporation, person or association of persons
having a contract with the state or any politi-
cal subdivision thereof, to require or permit
any such laborers, workmen or mechanics to work
more than eight (8) hours per calendar day in

doing such work, except in cases of emergency,
which may arise in time of war, or in cases
where it may become necessary to work more than
eight (8) hours per calendar day for the protec-
tion of property, human life or the necessity
of housing inmates of public institutions in
case of fire or destruction by the elements or
in cases where the total number of hours per
week required or permitted of any such laborer,
workman or mechanic, engaged on work financed
in whole or in part by the Federal Government
or any agency thereof, does not exceed the num-
ber of hours per week allowed by any regulation
of the Federal Government or any agency thereof.
In such emergencies the laborers, workmen or
mechanics so employed and working to exceed
eight (8) hours per calendar day shall be paid
on the basis of eight (8) hours constituting a
day's work. Not less than the current rate of
per hour wages for like work in the locality
where the work is being performed shall be paid
to the laborers, workmen, mechanics or other
persons so employed by or on behalf of the state,
or for any county, municipality or other legal
or political subdivision of the state, county
or municipality, and every contract hereafter
made for the performance of work for the state,
or for any county, municipality or other legal
or political subdivision of the state, county
or municipality, must comply with the require-
ments of this chapter."

Both articles 1579 and 1580, supra, refer repeat-
edly to "laborers, workmen or mechanics". It is plain
that the Legislature means that these statutes apply to
those laborers, workmen or mechanics whose employers had
contracts with the state or political subdivisions of the
state, or who were hired directly by the state.

It is necessary that we define our terms. A
laborer, according to 35 Corpus Juris 937, is:

"One who performs manual, menial, or physi-
cal exertion, labors, or toil, not requiring
special accuracy, knowledge, skill, or training,

for hire or wages, under the direction of his employer, master or superior."

Bouvier's Law Dictionary, Vol. 3, p. 3466, defines a "workman" as:

"One who labors; one who is employed to work for another."

A mechanic, according to Bouvier's Law Dictionary, Vol. 2, p. 2184, is:

"Any skilled worker with tools; a workman who shapes and applies material in the construction of houses; one actually engaged with his own hands in construction work."

While a night watchman is hardly a mechanic, still he is generally classed as a laborer or worker.

The term "laborer" has been held to include a night watchman. McAdams v. Ellis 5 G. A 262; 62 SE 1001.

Webster's definition of a watchman is:

"One who guards the streets of a city or building by night."

Bouvier's Law Dictionary defines a watchman as:

"An officer in many cities and towns, whose duty it is to watch during the night and take care of the property of the inhabitants. He possesses, generally, the common law authority of a constable to make arrests, where there is reasonable ground to suspect a felony, though there is no proof of a felony having been committed."

It is apparent that Bouvier is referring to a public watchman. A night watchman hired by a corporation, person or association of persons would be an employee and not an officer. He is a laborer, or at least a workman within the scope of the above definition.

The primary duty of a private night watchman

is to watch during the night and take care of the proper-
ty of his employer.  See Singleton v. Eureka County, 35
Pac. 853, 22 Nev. 91.  The duties and responsibilities of
a night watchman are limited by custom and definition.
He is universally recognized as a workman.  The addition
to the regular duties by the employer generally of inci-
dental and supplementary tasks sometimes determine beyond
a shadow of a doubt status of the night watchman as a la-
borer.  In the McAdams v. Ellis, supra, the night watch-
man had the task of firing the boiler.  This job was un-
doubtedly one of the reasons why the jury held the night
watchman to be a laborer in that instance.  Furthermore,
the court held that the jury was authorized to find that
the night watchman held the status of a laborer.

The case of Gadd v. City of Detroit, (1906),
148 Michigan 685, 106 NW 210, involves a situation in
point.  But the court did not discuss directly the ques-
tion of whether or not the night watchman was a laborer.

In this case the plaintiff night watchman sued
the city of Detroit for overtime work.  A city ordinance
provided:

"That herafter eight (8) hours shall con-
stitute a day's work for all laborers, workman,
and mechanics, who may be employed by or on be-
half of the city of Detroit, or any of its au-
thorized boards or officers, or may be employed
by contractors or subcontractors, in work done
or executed under contracts with the said city
of Detroit or its various authorized boards or
officers."

The court held that the city having created the
position of night watchman in the Department of Public
Works, the Commissioner of such department had power to
employ a person to fill such position, and to employ a
person to fill such position, and to agree with him that
he should be paid for overtime without submitting the
contract to the counsel for its approval, notwithstanding
section 8, providing that the Commissioner of Public Works
shall have no power to enter into any contract on behalf
of the city without the approval of the common counsel.

The result of the Gadd v. City of Detroit case



Hon. Joe Kunschik, May 23, 1939, Page 6

was to bring the night watchman within the eight (8) hour day ordinance as a laborer, workman or mechanic.

While watching and guarding the property of his employer are the principal duties of the night watchman, almost invariably he has incidental tasks or functions to perform which would bring him within the "laborer" or "workman" classification even if the primary tasks of "watching and guarding" and the nature of work required in performing them did not fix his status as such.

We wish to point out that the language of article 1580, supra, in its first sentence appears to go beyong the classification "laborer, workman, mechanic". This sentence reads as follows:

"All contracts made by or on behalf of the state of Texas, or by or on behalf of any county, municipality or other legal or political subdivision of the state, with any corporation, person or association of persons for performance of any work, shall be deemed and considered as made upon the basis of eight (8) hours constituting a day's work". (Underscoring ours)

The statute refers to "persons" at this point. Then it deals with "laborer" and "laborers, workmen, or mechanics". In view of our holding it is unnecessary to decide whether or not the scope of the statute is extended by the first sentence.

Your attention is called to the exceptions of article 1580, as amended. One of the exceptions is "in cases where it may become necessary to work more than eight (8) hours per calendar day for the protection of property * * * ". We do not construe this to apply to the performance of routine night watchman duty. Federal Government employment exception might apply.

Of course, there is no expressed or implied exemption of a night watchman in the wording of either article.

It is our conclusion that a night watchman is within the scope of the classification of "laborers, work-



men or mechanics", common to both articles 1579 and 1580, as amended, of the Penal Code Vernon's Annotated Statutes, and as a result is subject to the provisions of article 1580, as amended, if the other conditions of the statute are satisfied. It follows in answer to your second question, that if the night watchman, in addition to the watching or guarding of the premises, is also required to perform duties substantially and materially involving and promoting the construction of a building, he would be subject to the provisions of article 1579, as amended, if the other conditions of the statute are met.

Trusting that the above fully answers your two inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

DS:cmh

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN